## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID THOMPSON,

    Plaintiff,

v.

PINNACLE CREDIT SERVICES, LLC;
TOTAL CARD, INC.,
CROSSTOWN LAW, LLC, and
SEILERSCHINDEL, PLLC,

    Defendants.
_____/

Civil Action No. 1:16CV ___

Hon.

**COMPLAINT**
**JURY TRIAL DEMANDED**

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
roger@cotnerlaw.us

_____/

### Introduction

1. This is an action for damages brought against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*

### Jurisdiction and Venue

1

2.   This Court has jurisdiction under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendants transact business here, the pertinent events took place here, and Plaintiff resides here.

## Parties

3.   Plaintiff David Thompson is a natural person who resides in Grand Haven Township, Ottawa County, Michigan.  At all relevant times, Mr. Thompson has been a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3) and by the Fair Credit Reporting Act, 15 U.S.C. §§1681 et seq ("FCRA") at §1681a ( c ).  Mr. Thompson is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

4.   Defendant Pinnacle Credit Services, LLC, ("Pinnacle"), is a Minnesota limited liability company. The registered office for Pinnacle is 7900 Highway 7, St. Louis Park, Minnesota 55426. The manager for Pinnacle is Todd Striker, 7900 Highway 7, St. Louis Park, Minnesota 55426. Pinnacle uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Pinnacle is a "debt collector" as the term is defined and used in the FDCPA.  Pinnacle is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any

consumer.  Pinnacle does business in Michigan.  Pinnacle is a "regulated person" as that term is defined and used in the MCPA.

5. Defendant Total Card, Inc. ("Total Card"), is a South Dakota corporation. The address of the principal executive office for Total Card is 5900 South Broadband Lane, Sioux Falls, South Dakota 57108.  The Chief Executive Officer for Total Card is Greg Ticknor,  5900 South Broadband Lane, Sioux Falls, South Dakota 57108.  Total Card uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Total Card is a "debt collector" as the term is defined and used in the FDCPA.  Total Card does business in Michigan.  Total Card is a "regulated person" as that term is defined and used in the MCPA.

6. Defendant Crosstown Law, LLC ("Crosstown Law"), is a Minnesota limited liability company. The registered office for Pinnacle is 7900 Highway 7, Suite 350, St. Louis Park, Minnesota 55426. The manager for Crosstown is Scott Seiler, 7900 Highway 7, Suite 350, St. Louis Park, Minnesota 55426. Crosstown uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Crosstown is a "debt collector" as the term is defined and used in the FDCPA. Crosstown Law does business in Michigan.  Crosstown Law is a "regulated person" as that term is defined and used in the MCPA.

7. Defendant SeilerSchindel PLLC ("SeilerSchindel"), is a Minnesota limited liability company. The registered office address for SeilerSchindel is 5901 Cedar Lake Road, Minnesota 55416. The manager for SeilerSchindel is Scott Seiler, 5901 Cedar Lake Road, Minnesota 55416.  SeilerSchindel uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. SeilerSchindel is

a "debt collector" as the term is defined and used in the FDCPA. SeilerSchindel does business in Michigan. SeilerSchindel is a "regulated person" as that term is defined and used in the MCPA.

### Factual Allegations

8. Pinnacle is in the business of purchasing delinquent consumer debt, typically paying less than ten cents on the dollar. Pinnacle then hires third-party debt collectors to collect these purchased debts. Pinnacle is in the business of directly and indirectly collecting debts from consumers in various states, including Michigan. Pinnacle has filed hundreds of lawsuits in Michigan courts to collect those debts it purchased from others.

9. Mr. Thompson is a disabled veteran of the United States Army who suffers from post-traumatic stress disorder ("PTSD") as a result of his service in the US Army.

10. During his service to his country, Mr. Thompson suffered severe and disabling injuries to both of his legs and his head while serving in the US Army. As a result of these physical injuries, Mr. Thompson's mobility is limited.

11. Mr. Thompson has been disabled since 1994.

12. Mr. Thompson is married and has three minor children living in his family's rented apartment.

13. Mr. Thompson and his family wish to purchase a home to provide stability to the family and to permit Mr. Thompson to remodel the home to accommodate his physical limitations.

14. In an effort to purchase a home for his family, Mr. Thompson discussed

financing opportunities with a mortgage broker in October, 2015.

15.  As part of that process, Mr. Thompson authorized his mortgage broker to pull his credit reports from various credit reporting agencies.

16.  In early October, 2015, Mr. Thompson learned from his mortgage broker that Pinnacle was reporting false information on one or more of his consumer credit reports.  Specifically, Pinnacle was reporting as seriously delinquent a debt which once allegedly belonged to Verizon Wireless in the amount of $3,579.

17.  Mr. Thompson disputes owing the alleged debt in the amount reported.

18.  Mr. Thompson refuses to pay the alleged debt.

19.  Mr. Thompson disputed Pinnacle's false information by transmitting actual notice of his dispute of that false information along with an adequate description and explanation to all three of the major credit reporting agencies.

20. Mr. Thompson requested that each of the major credit reporting agencies reinvestigate the debtand correct Pinnacle's false information as envisioned by 15 U.S.C. § 1681i.

21.  Mr. Thompson's request for reinvestigation included sufficient information to provide actual notice that Pinnacle's false information was inaccurate and the source of Pinnacle's false information was not reliable.

22. Upon information and belief, all of the credit reporting agencies responded to this dispute from Mr. Thompson by requesting Pinnacle's verification of the false information.

23. Pinnacle responded to the reinvestigation request by verifying the false information to the credit bureaus. Upon information and belief, Pinnacle did not contact

the original creditor and as a result, it failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b), and this failure was willful.

24. As a result of Pinnacle's willful failure to abide by 15 U.S.C. § 1681s-2(b), Mr. Thompson has suffered and continues to suffer very significant damages.

25. By failing to cease reporting the false, unverified or inaccurate Verizon account, Pinnacle made false statements to the national credit reporting agencies in violation of FDCPA §1692e(8).

26. Pinnacle's credit reporting amounted to an attempt to collect an amount not due or owing in violation of the FDCPA §1692e, generally.

27. On or about November 9, 2015, Mr. Thompson again wrote to Pinnacle and requested that it validate the alleged debt owed to it.  Again, Pinnacle did not respond to this request.

28. On or about December 3, 2015, Mr. Thompson again wrote to Pinnacle and requested that it validate the alleged debt owed to it.  Again, Pinnacle did not respond to this request.

29. On or about January 13, 2016, Mr. Thompson wrote to Pinnacle and requested that it validate the alleged debt owed to it.  Pinnacle did not respond to this request.

30. Upon information and belief, Pinnacle, Total Card or Crosstown Law have placed telephone calls to him without disclosing its identity.

31. On or about December 4, 2015, Total Card wrote to Mr. Thompson to inform him that it represented Pinnacle and could offer him a "repayment plan to resolve this balance" of $3,579.13.

32. Also on or about December 4, 2015, Mr. Thompson wrote to Total Card and requested that it validate the alleged debt owed to its client, Pinnacle, and cease further telephonic communication with him about the debt.  Total Card responded on December 8, 2015, and informed Mr. Thompson that it had requested validation from Pinnacle. Total Card later corresponded with Mr. Thompson on or about January 8, 2016, regarding his request to "Cease Communications regarding this account", and informed Mr. Thompson that it was returning the account to Pinnacle.  Total Card again corresponded with Mr. Thompson on January 22, 2016, to inform him that it had returned "this account back to (Pinnacle) and there will be no further communication from Total Card, Inc. regarding this matter."

33. On or about December 15, 2015, Crosstown Law mailed to Mr. Thompson's former address correspondence regarding a "dispute (Mr. Thompson) submitted to TransUnion regarding Pinnacle account #OK101020." Mr. Thompson received this correspondence on or about December 28, 2015, due to Crosstown Law's intentional misaddressing the correspondence.  A copy of this letter is attached at Exhibit A and incorporated here.

34. Crosstown Law's December 15, 2015, letter falsely represents that it has any role whatsoever in the dispute resolution process.

35. Crosstown Law's December 15, 2015, letter falsely portrays the character, amount, or legal status of the debt allegedly owed to Pinnacle.

36. Crosstown Law's December 15, 2015, letter falsely represents that Rachel Johnson was an attorney and that the letter is a communication from an attorney.

37. Crosstown Law's December 15, 2015, letter falsely threatens or

communicates false credit information regarding fraud or identity theft.

38. Crosstown Law's mailing of its December 15, 2015, letter to an address it knew, or should have known was incorrect was a false representation or deceptive means to collect a debt or obtain Mr. Thompson's otherwise private information.

39. On or about March 6, 2016, Mr. Thompson spoke with Pinnacle's representative and was told that Pinnacle's account was now being "handled" by Crosstown Law. Mr. Thompson wrote to Crosstown Law and requested that it validate the alleged debt owed to Pinnacle. Crosstown Law did not respond to this request.

40. On or about March 24, 2016, SeilerSchindel mailed a letter dated March 8, 2016, addressed to Mr. Thompson bearing a return address of "SeilerSchindel, PLLC, 7900 Highway 7, Suite 350, Minneapolis, Minnesota 55426" informing Mr. Thompson of its representation of Pinnacle. A letter dated March 8, 2016, from Pinnacle to SeilerSchindel was printed on the obverse side of SeilerSchindel's letter to Mr. Thompson. A copy of these letters and the envelope bearing the letters is attached at Exhibit B and incorporated here.

41. Upon information and belief, SeilerSchindel has no such mailing address as that shown on Exhibit B.

42. Notwithstanding its March 8, 2016, representation that Pinnacle had closed these accounts, at least one of the credit reporting agencies contained Pinnacle's derogatory report as recently as March 10, 2016.

43. Pinnacle, Total Card, Crosstown Law and SeilerSchindel have attempted to collect a debt in an amount not authorized by the agreement between Verizon and Mr. Thompson or otherwise permitted by law.

44. Mr. Thompson began working with a housing counselor on or about October 29, 2015, so that he and his family of five could pursue the American Dream by qualifying for a Veterans Administration mortgage and purchasing a single family residence.

45. The housing counselor has assisted Mr. Thompson in clearing derogatory accounts from his credit report over the past five months. Mr. Thompson has cleared approximately 25 of these derogatory accounts from his credit report.

46. Pinnacle's persistent and false reporting of the disputed derogatory Verizon debt since October, 2015, or before, has prevented Mr. Thompson from qualifying for a Veterans Administration mortgage.

47. Mr. Thompson cannot purchase a handicapped accessible home for him and his family without Veterans Administration or other financing.

48. In March, 2016, and in his effort to improve his credit rating, Mr. Thompson re-financed his automobile with USAA at the unfavorable interest rate of 16.24%. Upon information and belief, the more favorable interest rate of 5-6%, or less, would have been available to Mr. Thompson in re-financing his automobile but for Pinnacle's adverse and derogatory credit reporting.

49. As a result of Defendants' abusive collection actions, Mr. Thompson has sustained severe and permanent injuries that include, but are not limited to, stress, migraine headaches, chronic sleeplessness, stomachaches, loss of appetite, short temper, stress upon his family, fear, frustration, upset, humiliation, embarrassment and other negative emotions, extreme anxiety and other emotional distress.

50. As a result of Defendants' abusive collection actions, Mr. Thompson has

sustained significant monetary losses in the form of his costs and time associated with communicating with Pinnacle and its serial debt collectors; re-financing his automobile at a very unfavorable interest rate; credit monitoring services; and consultation with his housing counselor and current attorney regarding Defendants' illegal attempt to collect the ancient and disputed Verizon debt; attorney fees; and other injuries.

## Summary

51. Defendants' abusive collection actions against Mr. Thompson violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c( c ), 1692d(6) 1692e, 1692e(1), 1992e(2), 1692e(3) 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

52. Pinnacle's failures to properly report and re-investigate the disputed information on Mr. Thompson's credit report were violations of numerous and multiple provisions of the FCRA, including but not limited to 15 U.S.C. §§ 1681i and 1681s-2(b), amongst others.

53. Defendants' abusive collection actions against Mr. Thompson violated numerous and multiple provisions of the MCPA, including but not limited to MCL §§445.252 (a), (d), (e), (f), (g), (n), and (s).

## Trial by Jury

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## Causes of Action

### Count I.
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.* (All Defendants)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. In enacting Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

57. Defendants' foregoing acts and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Mr. Thompson.

58. As a result of each and every FDCPA violation committed by Defendants, Mr. Thompson is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant.

59. Defendants' conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of Mr. Thompson's rights, thereby warranting the imposition of punitive damages.

## Count II.
## Violations of the Fair Credit Reporting Act (Pinnacle)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. In enacting Fair Credit Reporting Act, Congress made specific findings as follows:

> (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness [creditworthiness], credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 USC §1681(a).

62. Pinnacle was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Thompson through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

63. In the event that Pinnacle was unable to verify the information which it had reported, Pinnacle was required to advise the credit reporting agency of this fact.

64. Following the reinvestigation, Pinnacle reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

65. Following the reinvestigation, Pinnacle reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

66. Following the reinvestigation and dispatch of notice directly to Pinnacle, Pinnacle reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. §1681s-2(b).

67. Following the reinvestigation and dispatch of direct notice to Pinnacle, Pinnacle failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

68. Pinnacle willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Thompson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

69. In the alternative, Pinnacle negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

70. Pinnacle willfully refused to properly reinvestigate the inaccuracies in

Mr. Thompson's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

71. In the alternative, Pinnacle negligently failed to conduct a proper reinvestigation of Mr. Thompson's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

72. Mr. Thompson has suffered damages as a result of these violations of the FCRA.

## Count III.
## Violations of the Michigan Collections Practices Act (All Defendants)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Defendants and its employees/agents are "regulated persons" as defined by MCL §445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, *et seq*.

75. Mr. Thompson is a person whom the act was intended protect, MCL 445.251(d).

76. Defendants' foregoing acts in attempting to collect this debt against Mr. Thompson constitute violations of the Michigan Collections Practices Act.

77. Plaintiff has suffered damages as a result of these willful violations of the Michigan Collections Practices Act.

78. These violations of the Michigan Collections Practices Act were willful.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against

Defendants:

## Count I.
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 *et seq.* (All Defendants)

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for the Plaintiff;

- for an award of punitive damages in an amount to be determined by the Court sufficient to deter the Defendants from future violations of the Fair Debt Collection Practices against Defendants and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for each Plaintiff; and

- for such other and further relief as may be just and proper.

## Count II.
## Fair Credit Reporting Act (Pinnacle Only)

- for an award of actual damages against Defendant Pinnacle and for the Plaintiff;

- for an award of punitive damages in an amount to be determined by the Court sufficient to deter Defendant Pinnacle from future violations of the Fair Credit Reporting Act against Defendant Pinnacle and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees against Defendant Pinnacle and for Plaintiff; and

15

- for such other and further relief as may be just and proper.

## Count III.
## Violations of the Michigan Collections Practices Act (All Defendants)

- for an award of actual damages pursuant to MCL §445.257(2);

- for an award of treble actual damages pursuant to MCL §445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL §445.257(2) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Date: May 1, 2016

/s/ Roger G. Cotner
Roger G. Cotner (P36569)
Attorney for Plaintiff
COTNER LAW OFFICES
220 Franklin Avenue
P.O. Box 838
Grand Haven, MI  49417
616-846-7153
roger@cotnerlaw.us